Larry E. Prince (ISB #1759)
Kirk S. Cheney (ISB #9416)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
lprince@hollandhart.com
kscheney@hollandhart.com

Attorneys for F.W. Webb Company

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: HOKU CORPORATION,<br><br>Debtor | Case No. 13-40838-JDP |
| R. SAM HOPKINS, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>F.W. WEBB COMPANY d/b/a KENTROL, INC., a Massachusetts corporation and John Does 1 through 10,<br><br>Defendants. | Adversary Proc. No. 15-08104-JDP |

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO WITHDRAW THE REFERENCE
Relief is Sought from a United States District Judge
Pursuant to Fed. R. Bankr. P. 5011(a)**

Defendant F.W. Webb Company ("Webb"), has filed a Motion to Withdraw the Reference of this adversary proceeding (the "Proceeding") from the United States Bankruptcy Court for the District of Idaho (the "Bankruptcy Court") and return the Proceeding to the United

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE - 1

States District Court for the District of Idaho (the "District Court") (Dkt. No. 31) ("Motion"). Webb submits this brief in support of the Motion.

## INTRODUCTION

In this Proceeding, the Trustee has sued Webb to avoid and recover certain alleged fraudulent transfers. Webb is entitled to a jury trial. The Bankruptcy Court may conduct a jury trial only with Webb's express consent, and Webb does not consent. In addition, as set forth in a recent trilogy of Supreme Court decisions and a Ninth Circuit decision, the Bankruptcy Court may enter final judgment in fraudulent transfer actions only with the consent of both parties. Webb does not consent to the Bankruptcy Court's entry of a final judgment in the Proceeding. Though Webb recognizes that the District Court may decline, until shortly before trial, to withdraw the reference, Webb moves now to withdraw the reference in order to preserve its jury trial right.

## BACKGROUND

The Trustee filed his complaint on June 13, 2015 (Dkt. No. 1), seeking to avoid and recover transfers that Webb allegedly received during the six years prior to Debtor's bankruptcy petition. On May 19, 2016, the Trustee filed an amended complaint (Dkt. No. 27) (the "Amended Complaint"), seeking to avoid and recover transfers totaling $548,357.54 that Webb allegedly received during the four years prior to Debtor's bankruptcy petition. The statutory bases for the Amended Complaint are 11 U.S.C. §§ 544, 548 and 550, and Idaho Code §§ 55-913 and 55-914.

Contemporaneously with the Motion, Webb filed an answer to the Amended Complaint, which answer includes a demand for a jury trial.

## ARGUMENT AND AUTHORITIES

**I.   General Standard for Withdrawal of the Reference.**

Under 28 U.S.C. § 1334(a), the district court has original and exclusive jurisdiction over all cases under Title 11. Under 28 U.S.C. § 1334(b), the district court has original but not exclusive jurisdiction

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE - 2

of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. Under 28 U.S.C. § 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The District Court for the District of Idaho has so referred bankruptcy proceedings to the Bankruptcy Court by General Order.[1]

The district court's reference of bankruptcy proceedings to the bankruptcy court may be withdrawn, however, pursuant to 28 U.S.C. § 157(d). Withdrawal is mandatory if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. 28 U.S.C. § 157(d). Otherwise, the statute provides that the district court may withdraw any case or proceeding for cause:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this action, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 [the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id.*

A defendant's right to a jury trial constitutes cause for withdrawal. *See In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). Courts also look to the following factors to determine whether cause exists to withdraw the reference: (1) efficient use of judicial resources, (2) delay and costs to parties, (3) uniformity of bankruptcy administration, and (4) prevention of forum shopping and other related factors. *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). A key consideration in this analysis is whether the causes of action asserted are core or non-core. *Id.*

---

[1] *See* Third Amended General Order No. 38, dated May 1, 1995.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE - 3

## II. Webb's Jury Trial Right Requires That the Reference Be Withdrawn.

Fraudulent transfer actions are "quintessentially suits at common law" and thus entitle a defendant to a jury trial under the Seventh Amendment. *Granfinanciera v. Nordberg*, 492 U.S. 33, 56 (U.S. 1989). Accordingly, Webb has a jury trial right in this Proceeding. Webb's answer to the Amended Complaint includes a jury trial demand. The Bankruptcy Court cannot conduct a jury trial without Webb's consent, and Webb does not consent. *See* 28 U.S.C. § 157(e). These facts alone require withdrawal. *In re Healthcentral.com*, 504 F.3d at 788.

Webb acknowledges, however, that though a jury trial right necessitates withdrawal of the reference, it does not necessitate *immediate* withdrawal of the reference—the Bankruptcy Court may be allowed to oversee pre-trial matters. *Id.* Nevertheless, Webb moves now to withdraw the reference so that its jury trial right is not impaired. Some courts in other circuits have held that a defendant who fails to file a timely motion to withdraw the reference may waive its jury trial right. *See, e.g., In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990); *Consolidated Industries Corp. v. Welbilt Holding Co.*, 254 B.R. 237, 241 (N.D. Ind. 2000). These cases have not been followed, or even addressed, by courts in the Ninth Circuit. Out of an abundance of caution, however, and to avoid such a ruling, Webb filed the Motion.

Indeed, in the memorandum decisions the District Court has entered in other Hoku adversary proceedings similar to this one, the District Court notes if these fraudulent transfer cases proceed to trial, "an Article III judge will preside." *See, e.g.,* Memorandum Decision and Order, *Hopkins v. TIC-The Industrial Company*, Case No. 15-cv-00417-BLW, Dkt. No. 4, at 9.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE - 4

## III. This Motion is Timely.

A motion to withdraw is timely so long as it is "made as promptly as possible in light of the developments in the bankruptcy proceeding." *Security Farms*, 124 F.3d at 1007; *Stanbrough v. Valle*, 2012 U.S. Dist. LEXIS 98414, *3 (D. Idaho July 13, 2012).

The Trustee commenced the Proceeding on June 26, 2015. A default entered against Webb but was set aside by stipulation, which stipulation was approved by the Bankruptcy Court on May 17, 2016. (Dkt. Nos. 25 & 26.) Pursuant to that stipulation, Webb is required to file any responsive pleadings to the Amended Complaint within 21 days after the Trustee served the Amended Complaint. The Trustee served the Amended Complaint on May 19, 2016. Accordingly, the deadline for Webb's responsive pleading is June 9, 2016. This Motion is being filed together with Webb's answer by that deadline, and is therefore timely.

## IV. The Other "For Cause" Factors Favor Withdrawal of the Reference.

In addition to Webb's jury trial right, withdrawal of the reference is supported by each of the remaining factors: (1) efficient use of judicial resources, (2) delay and costs to parties, (3) uniformity of bankruptcy administration, and (4) prevention of forum shopping. *Security Farms*, 124 F.3d at 1008.

When analyzing these factors, courts first consider whether the claims asserted are core or non-core, "since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir.1993). That is because in non-core proceedings bankruptcy courts may only submit proposed findings of fact and conclusions of law to the district court. *See Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency)*, 702 F.3d 553, 565 (9th Cir. 2012) *aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). In such proceedings, where the bankruptcy court's proposed findings and conclusions are "subject to de novo review by the district court, unnecessary costs could be avoided by a single proceeding in the district court." *Security Farms*, 124 F.3d at 1009.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE - 5

In *Stern v. Marshall*, the Supreme Court held that although certain proceedings are designated in 28 U.S.C. § 157(b)(2) as "core proceedings," bankruptcy courts in fact lack constitutional authority to finally adjudicate them. 131 S. Ct. 2594 (2011). Such proceedings have become known as "*Stern* claims." Fraudulent transfer actions are included in this category, thus, bankruptcy courts lack constitutional authority to enter final judgments with respect to them. *See Bellingham*, 134 S. Ct. at 2174 (affirming Ninth Circuit's holding that bankruptcy court may only issue proposed findings of fact and conclusions of law in fraudulent transfer proceedings).[2]

Here, because the Bankruptcy Court cannot enter final rulings in the Proceeding, efficiency and uniformity would be better served by a single proceeding in the District Court. Very little has transpired in the Bankruptcy Court. Webb had not even answered the Trustee's Complaint until it filed its answer just before filing the Motion. In addition, there is no basis to conclude that this Motion is motivated by forum shopping; rather, it is motivated by Webb's desire for a single action in which it can have the jury trial to which it is entitled. The District Court's Memorandum Decision confirmed in similar adversary proceedings that the forum shopping factor is neutral. *See, e.g.,* Memorandum Decision and Order, *Hopkins v. TIC-The Industrial Company*, Case No. 15-cv-00417-BLW, Dkt. No. 4, at 11-12. In short, the District Court's conclusion in those adversary proceeding applies equally here: withdrawal is appropriate prior to trial. *Id.* at 9.

## CONCLUSION

Webb's jury demand is cause to withdraw the reference. In addition, the fact that the Bankruptcy Court may not enter final judgment in the adversary proceeding makes referral to the Bankruptcy Court

---

[2] Even more recently, the Supreme Court clarified that *Stern* claims may be finally adjudicated by a bankruptcy court with both parties' "knowing and voluntary" consent. *See Wellness Int'l Network, Ltd. v. Sharif*, No. 13-935 (U.S. May 26, 2015), http://www.supremecourt.gov/opinions/14pdf/13-935_i4dj.pdf. No such consent has been given here. As set forth in Webb's answer, Webb expressly does not consent to adjudication by the Bankruptcy Court.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE - 6

an impractical and inefficient approach to this Proceeding. Cause exists to withdraw the reference, and the Court should do so.

DATED this 9th day of June, 2016.

        HOLLAND & HART LLP

        By _/s/ Kirk S. Cheney_
           Larry E. Prince, of the firm
           Kirk S. Cheney, for the firm

        Attorneys for F.W. Webb Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- Stephen Kent Madsen   skmadsen.mayneslaw@gmail.com; rosie.mayneslaw@gmail.com
- Robert J Maynes      mayneslaw@hotmail.com, robert.maynes@gmail.com;rosie.mayneslaw@gmail.com;maynestaggart@gmail.com
- Steven L. Taggart     staggart101@gmail.com; rosie.mayneslaw@gmail.com, maynestaggartecf@gmail.com; maynestaggartecf@gmail.com, Brenda.mayneslaw@gmail.com
- Larry E. Prince    lprince@hollandhart.com

                                                                 */s/ Kirk S. Cheney*
                                                                 for HOLLAND & HART LLP

8840485_2.docx