Robert J. Maynes, ISB No. 6905
Steven L. Taggart, ISB No. 8551
Stephen K. Madsen, ISB No. 6253
**MAYNES TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: mayneslaw@hotmail.com
      staggart101@gmail.com
      skmadsen.mayneslaw@gmail.com

*Counsel for R. Sam Hopkins, Chapter 7 Trustee*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re: <br><br> HOKU CORPORATION, <br><br> Debtor. | Case No. 13-40838 JDP <br><br> Chapter 7 |
| R. SAM HOPKINS, Chapter 7 Trustee, <br><br> Plaintiff, <br><br> vs. <br><br> F.W. WEBB COMPANY d/b/a KENTROL, INC., a Massachusetts corporation; and John Does 1 through 10, <br><br> Defendants. | Adversary Case No. 15-08104-JDP <br><br> District Court Case No. 16-08505-BLW |

**RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW REFERENCE
FILED ON JUNE 9, 2016**

COMES NOW the Plaintiff, by and through his attorney of record, and pursuant to District Local Rule Civ. 7.1, responds to *Defendant's Motion to Withdraw Reference* (Dkt. No. 1) ("Motion") as follows:

[SPACING IS INTENTIONAL]

RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW REFERENCE
Page 1

## THIS IS NOT A CASE REQUIRING IMMEDIATE WITHDRAWAL OF THE REFERENCE.

Defendant has requested a jury trial.

But, in the 9th Circuit, a request for a jury trial does not require that the Court immediately withdraw the reference. In fact, a bankruptcy court can handle all preliminary matters up to the jury trial. *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir., 2007).

The Court should allow the bankruptcy court to do the same here, consistent with its other rulings in response to similar motions by other defendants.

## THE STANDARDS FOR PERMISSIVE WITHDRAWAL ARE NOT MET.

In the 9th Circuit, a district court considers the following factors when making a determination for permissive withdrawal under 28 U.S.C. § 157(d), or "for cause shown":

    1) The efficient use of judicial resources;

    2) Delay and costs to the party;

    3) Uniformity of the bankruptcy administration;

    4) Prevention of forum shopping.

*Security Farms v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir., 1997). District courts are also directed to withdraw the reference if non-core issues predominate over core issues. *Id.*

Each of these factors weighs against withdrawing the reference.

### I.  The efficient use of judicial resources

As this Court knows well, it is overloaded. Judge Lodge took senior status on July 3, 2015 and the Judicial Conference of the U.S. Courts has declared a "judicial emergency" in Idaho because of Idaho only retaining a single full-time district judge for the entire District.

Adding the burden of this matter would further strain judicial resources and is a misallocation of judicial resources given the existence of two fulltime Idaho bankruptcy judges.

## II.     Delay and costs to the parties

Given the current lack of judicial resources in Idaho, it is expected that the result of will be significant delays in civil trials.[1]  Here, the impact would be to delay consideration of this matter on the merits and boost the costs born by both sides.

## III.    Uniformity of bankruptcy administration

This case is one of more than 150 cases currently before the Bankruptcy Court for the District of Idaho brought by this Trustee in the same bankruptcy. This Court has allowed the Bankruptcy Court to handle the other cases with similar motions up to the point of trial. A withdrawal now creates the potential of non-uniformity in decisions between those cases that remain in the bankruptcy court and any case withdrawn back to this Court.

## IV.     Prevention of forum shopping

This motion is a blatant attempt to shift the forum from before Judge Pappas.

## V.      Predomination of core or non-core issues

This case involves core issues under the specific statutory language of 11 U.S.C. § 544 and 11 U.S.C. § 548. Such are statutorily core under 28 U.S.C. § 157(2)(H) ("Core proceedings include . . . (H) proceeding to determine, avoid, or recover fraudulent conveyances").  As such, withdrawal is not required under this prong.

---

[1] *See* Betsey Z. Russell, "Federal Courts declare 'judicial emergency' in Idaho", The Spokesman-Review, July 14, 2015 (Professor Carl Tobias: "Tobias predicts long delays for federal court cases in Idaho, particularly civil cases, as criminal cases take precedence."  View at http://www.spokesman.com/stories/2015/jul/14/federal-courts-declare-judicial-emergency-idaho/

## CONCLUSION

In summary, Defendant's Motion does not require immediate withdrawal and also does not meet the standards set forth in the relevant 9th Circuit precedence.

Respectively, this Court should DENY the Motion.

DATED:  June 10, 2016

        MAYNES TAGGART PLLC

        */s/ Steven L. Taggart*
        STEVEN L. TAGGART
        Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2016, I filed a copy of the attached document with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

**PARTIES SERVED:**

Kirk Sterling Cheney on behalf of Defendant F.W. Webb Company
kscheney@hollandhart.com, boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Larry E Prince on behalf of Defendant F.W. Webb Company
lprince@hollandhart.com, tahancock@hollandhart.com;boiseintaketeam@hollandhart.com

And as otherwise noted on the Court's Notice of Electronic Filing.

DATED:   June 10, 2016

*/s/ Steven L. Taggart*
STEVEN L. TAGGART