UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>HOKU CORPORATION,<br><br>　　　　Debtor.<br><br>R. SAM HOPKINS, Chapter 7 Trustee,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>F.W. WEBB COMPANY d/b/a KENTROL, INC., a Massachusetts corporation and John Does 1 through 10,<br><br>　　　　Defendants. | Case No. 4:16-cv-00308-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant F.W. Webb Company's Motion to Withdraw the Reference (Dkt. 1). For the reasons explained below, the Court will grant the motion, though it will delay withdrawing the reference until the bankruptcy court certifies that this case is ready for trial.

**MEMORANDUM DECISION & ORDER - 1**

# BACKGROUND

This adversary proceeding traces its roots to the planned construction of a polysilicon manufacturing plant in Pocatello, Idaho. The Trustee alleges that in February 2007, the debtor, Hoku Corporation, incorporated a subsidiary, Hoku Materials, Inc., to manufacture polysilicon.

Hoku Corporation allegedly paid approximately $548,000 to defendant. *See Adversary Am. Compl.,* Bankruptcy Case No. 15-8104-JDP, Dkt. 27, ¶ 59. The Trustee contends that these payments are avoidable as constructive fraudulent transfers. He therefore seeks to have these monies returned to Hoku Corporation's bankruptcy estate.

The Trustee alleges a single claim – designated as "count two" [1] – for Avoidance of Fraudulent Transfer. After defendant answered the complaint, the bankruptcy court ordered defendant to either: (1) consent to entry of judgment by the bankruptcy court; or (2) move to withdraw the reference. Defendant responded with this motion to withdraw the reference.

# ANALYSIS

Federal district courts have original jurisdiction over cases arising under the Bankruptcy Code. 28 U.S.C. § 1334(a). This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the district's bankruptcy judges. *See Apr. 24, 1995 Third Amended General Order.* Nevertheless, under 28 U.S.C. § 157(d), this reference is subject to mandatory or permissive withdrawal, depending on the

---

[1] The Trustee includes a placeholder for "Count One" in his complaint, but that Count does not contain any substantive allegations. *See Bankr. Adversary Dkt.* 27, ¶ 69.

circumstances. *See* 28 U.S.C. § 157(d). Section 157(d) reads as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In this case, defendants seek permissive withdrawal.

The withdrawal statute just cited, 28 U.S.C. § 157(d) does not specify what is necessary to show "cause" for permissive withdrawal, but courts have identified a variety of factors that may be considered, including: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration, (4) prevention of forum shopping; and (5) other related factors. *Sec. Farms v. Int'l Brotherhood of Teamsters,* 124 F.3d 999, 1008 (9th Cir. 1997). "Other related factors" might include whether the issues are core or non-core proceedings, as well as the right to a jury trial. *See Rosenberg v. Brookstein*, 479 B.R. 584, 587 (D. Nev. 2012) (citation omitted).

1.  **Seventh Amendment Jury-Trial Right**

The Court begins by observing that the fraudulent conveyance claim at issue in this case is statutorily defined as a "core" proceeding. *See* 28 U.S.C. § 157(b)(2)(H). Congress has empowered bankruptcy courts to enter a final judgment on such claims. *See* 28 U.S.C. § 157(b)(1). But in the wake of the Supreme Court's landmark decision in *Stern v. Marshall,* 131 S. Ct. 2594 (2011), the Ninth Circuit held that bankruptcy courts lack the constitutional authority to enter final judgments on fraudulent conveyance

claims. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012), *aff'd,* 134 S. Ct. 2165 (2014) ("fraudulent conveyance claims . . . cannot be adjudicated by non-Article III judges."). The Trustee, for his part, has not meaningfully challenged defendant's assertions that it has a right to a jury trial in district court on the fraudulent conveyance claims. Thus, if the fraudulent conveyance claim leveled against the defendant proceeds to trial, an Article III judge will preside. *See* 28 U.S.C. § 157(e);[2] *In re Dyer*, 322 F.3d 1178, 1194 (9th Cir. 2003) ("[T]he bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court."); *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (agreeing with "several courts [that] have concluded that where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate") (internal citations omitted)).

But this does not mean the Court must immediately withdraw the reference. Rather, it is permissible for the bankruptcy court to handle all preliminary matters up to the point of trial. *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007) ("a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction" and transfer the case to district court). In fact, the Supreme Court has clarified that so-called "*Stern* claims" – which

---

[2] In full, 28 U.S.C. § 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

**MEMORANDUM DECISION & ORDER - 4**

include the fraudulent transfer claim at issue here – may comfortably proceed under the procedure set forth in 28 U.S.C. § 157(c)(1). *See Executive Benefits Ins. Agency v. Arkison,* 134 S. Ct. 2165, 2174 (2014). Section 157(c)(1) provides as follows:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

Thus, in this case, the bankruptcy court may "hear" the Trustee's fraudulent transfer claim and submit proposed findings of fact and conclusions of law to the district court. *Id.* Further, if either party files a dispositive motion, the bankruptcy court may entertain that motion and submit proposed findings of fact, conclusions of law, and a recommended disposition of the claim to this Court. *See Bellingham Ins. Agency*, 702 F.3d at 565 (bankruptcy courts have the statutory power "to hear fraudulent conveyance cases and to submit reports and recommendations to district courts").

In light of this authority, and given defendant's request that the Court withdraw the reference "prior to trial," *Motion Mem.,* Dkt. 1-1, at 6, the Court will not withdraw the case at this time. Rather, at this point in the proceedings, the Court's central concern is how it can best help the parties achieve a just, speedy, and inexpensive resolution of their claims. *Cf.* Fed. R. Civ. P. 1. Many of the other "cause" factors relevant to permissive withdrawal – including efficiency, cost, and delay – speak to this concern.

**2.      Efficiency; Cost; Delay; Uniformity**

This case is in its beginning stages, so it would seem that the case would move along at the same speed in either district court or bankruptcy court. But that is not true here because the bankruptcy court has expended significant time and effort becoming familiar with the underlying bankruptcy proceeding. That knowledge will almost surely enable the bankruptcy court to move this case along more quickly than this Court could. Further, there is a very real possibility that this case – like most cases – will resolve before trial.

Granted, if a case does proceed to trial, there will be judicial efficiency losses because a second court will have to familiarize itself with the case. Further, this Court may be required to conduct a de novo review of proposed findings and conclusions on dispositive motions. Such a procedure could increase costs to the parties and cause some delay. But these possible inefficiencies, delays, and costs do not overcome the weight this Court has placed on the familiarity the bankruptcy court has with the debtor, the bankruptcy estate, and the various other adversary proceedings pending in this bankruptcy case.

The Court also finds that the *Hoku Corporation* bankruptcy likely will be more uniformly administered if this case, like many other "contractor/supplier" adversary cases currently pending before the bankruptcy court, remain before the same court for pretrial proceedings.

**3.      Prevention of Forum Shopping**.

Lastly, regarding the forum-shopping factor, the Court is unpersuaded by the

Trustee's assertion that the defendant has engaged in a blatant forum shopping. Defendant made this motion early in the proceedings. This factor is therefore neutral.

## CONCLUSION

After having considered all of the above factors, the Court concludes that withdrawal is not warranted at this time. The Court will instead delay withdrawing the reference on the fraudulent transfer claims until the bankruptcy court certifies that such claims are ready for trial.

## ORDER

For all the foregoing reasons, **IT IS ORDERED that:**

1) Defendant's Motion to Withdraw the Reference (Dkt. 1) is granted, although the Court will not immediately withdraw the reference. Instead, the Court will withdraw the reference when the bankruptcy court certifies that this case is ready for trial.

2) The bankruptcy court will preside over all pretrial matters in this case, including discovery and pretrial conferences, and will resolve routine and dispositive motions. If either party files a dispositive motion, the bankruptcy court will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to this Court.

3) If and when it becomes clear that a jury trial will be necessary, and the case is prepared and ready for trial to begin, the bankruptcy court shall so certify to this Court and the reference will be withdrawn at that time.

4) Until the bankruptcy court certifies that this case is ready for trial, the parties shall file all motions, pleadings, and other papers in the adversary proceeding in bankruptcy court.

DATED: July 11, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court